UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#13
June 20 hrg vacated

CIVIL MINUTES - GENERAL

| Case No. | CV 10-7072 PSG (FFMx) | Date | June 17, 2011 |
|---|---|---|---|
| Title | Judy Griffin v. West Bay Properties, Inc. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order Denying Defendant's Motion to Dismiss and Motion for Summary Judgment

Pending before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and Motion for Summary Judgment. The Court finds the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, and all the evidence presented, the Court DENIES both motions.

I.  Background

On September 22, 2010, Plaintiff Judy Griffin ("Plaintiff") filed this lawsuit against West Bay Properties, Inc., also known as Larchmont Medical Building, ("Defendant") for violations of federal and state disability laws. More specifically, the First Amended Complaint ("Complaint" or "FAC") alleges that Plaintiff, a wheelchair bound disabled woman, is deterred from visiting her eye doctor in a building owned, managed, leased and/or operated by Defendant (the "Building") because the "common use restrooms on each floor are inaccessible for persons in wheelchairs and there is no directional signage," and because "handicap parking was insufficient and not [American's with Disabilities Act] compliant." *FAC* ¶¶ 1, 8-9. Based on these allegations, Plaintiff asserts claims for violations of the Americans with Disabilities Act of 1990 ("ADA"), denial of full and equal access in violation of California Civil Code §§ 54, 54.1, violation of California Civil Code § 51, and negligence per se. Within the Complaint, however, Plaintiff apparently concedes that parking at the Building may no longer be a basis for her

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#13
June 20 hrg vacated

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7072 PSG (FFMx) | Date | June 17, 2011 |
|---|---|---|---|
| Title | Judy Griffin v. West Bay Properties, Inc. | | |

lawsuit: "Subsequent to filing this litigation, Plaintiff was informed that the handicap parking has been made ADA compliant, and thus may no longer be an issue requiring injunctive relief." *FAC* ¶ 12.

Defendant simultaneously filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and a Motion for Summary Judgment on March 31, 2011. *See* Dkt. #13. Both Motions are related in that they advance the same argument: Defendant fixed the problems at the building, thus, there is no case or controversy and Plaintiff lacks standing to bring this lawsuit. *See Rule 12 Mot.* 3:12-18; *MSJ* 8:9-13. The Motions focus solely on the Americans with Disabilities Act, and do not address the state law claims except to recommend that the Court decline supplemental jurisdiction in the event that the ADA claim is deficient. *See Rule 12 Mot.* 6:14-18; *MSJ* 7:12-15. For the reasons that follow, the Court DENIES Defendant's Motion to Dismiss and Motion for Summary Judgment.

II.  Legal Standard

   A.  Lack of Subject Matter Jurisdiction Under Federal Rule of Civil Procedure 12(b)(1)

Federal Courts are courts of limited jurisdiction with no "inherent" subject matter jurisdiction; they can adjudicate only those cases that the Constitution and Congress empower them to adjudicate. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Accordingly, the lack of subject matter jurisdiction may be raised at any time; it cannot be waived and the court is obliged to address the issue on its own motion. See Fed. R. Civ. P. 12(h)(3); *Carlisle v. United States*, 517 U.S. 416, 434-35, 116 S. Ct. 1460, 134 L. Ed. 2d 613 (1996) (Ginsburg, J., concurring). Once jurisdiction is challenged, the party asserting subject matter jurisdiction has the burden of proving its existence. *See Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir. 1988).

Under Federal Rule of Civil Procedure Rule 12(b)(1), the court's jurisdiction may be challenged either facially (based on the legal sufficiency of the claim) or factually (based on the sufficiency of jurisdictional fact). *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citing 2 James W. Moore, Moore's Federal Practice § 12.30 [4] (3d ed. 1999)). Dismissal for a facial challenge to jurisdiction is proper only when the claim "clearly appears to be immaterial and

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#13
June 20 hrg vacated

CIVIL MINUTES - GENERAL

| Case No. | CV 10-7072 PSG (FFMx) | Date | June 17, 2011 |
|---|---|---|---|
| Title | Judy Griffin v. West Bay Properties, Inc. | | |

made solely for the purpose of obtaining jurisdiction or ... is wholly insubstantial and frivolous." *Bell v. Hood,* 327 U.S. 678, 682-83, 66 S. Ct. 773, 90 L. Ed. 939 (1946). In making this determination, the court must accept as true the allegations contained in the complaint. *See White*, 227 F.3d at 1242. By contrast, with a factual attack, the court is not confined to allegations in the complaint, but can consider affidavits, depositions, and testimony to resolve factual issues bearing on jurisdiction. *Id.* In such a situation, no presumptive truthfulness attaches to a plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *Id.*

  B. <u>Summary Judgment</u>

  Federal Rule of Civil Procedure 56(c) establishes that summary judgment is proper only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). If the moving party satisfies the burden, the party opposing the motion must set forth specific facts showing that there remains a genuine issue for trial, and "may not rest upon mere allegations or denials of his pleading." *See id.* at 248, 257 (citations omitted).

  A non-moving party who bears the burden of proving at trial an element essential to its case must sufficiently establish a genuine dispute of fact with respect to that element or face summary judgment. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Such an issue of fact is a genuine and material issue if it cannot be reasonably resolved in favor of either party and may affect the outcome of the suit. *See Anderson,* 477 U.S. at 248, 250-51.

  If the moving party seeks summary judgment on a claim or defense for which it bears the burden of proof at trial, the moving party must use affirmative, admissible evidence. Admissible declarations or affidavits must be based on personal knowledge, must set forth facts that would be admissible evidence at trial, and must show that the declarant or affiant is competent to testify as to the facts at issue. *See* Fed. R. Civ. P. 56(e).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#13
June 20 hrg vacated

CIVIL MINUTES - GENERAL

| Case No. | CV 10-7072 PSG (FFMx) | Date | June 17, 2011 |
|---|---|---|---|
| Title | Judy Griffin v. West Bay Properties, Inc. | | |

When a party without the burden of persuasion at trial—generally, a defendant—moves for summary judgment, it must either "produce evidence negating an essential element of the nonmoving party's claim or defense *or* show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000) (emphasis added); *see also Masimo Corp. v. Tyco Health Care Group, L.P.*, No. CV 02-4770 MRP, 2004 WL 5907538, at *3 (C.D. Cal. June 10, 2004) ("A defendant moving for summary judgment satisfies the initial burden of production by providing evidence negating any essential element of the nonmovants' claims or by showing that there is an absence of evidence to support the non-moving party's case." (citations and quotations omitted)).

III.   Discussion

The Court first addresses Defendant's Motion to Dismiss under Rule 12(b)(1), followed by Defendant's Motion for Summary Judgment.

A.   Motion to Dismiss

In the Motion to Dismiss, Defendant factually attacks this Court's basis for federal-question subject matter jurisdiction under the ADA. For example, Defendant offers six exhibits—Exhibits A-F—purportedly establishing that Defendant has fixed the alleged violations at the Building such that no case or controversy under the ADA currently exists. *See Mots.*, Exs. A-F; *see also Rule 12 Mot.* 2:9-10 (claiming that the "two conditions on which the jurisdiction of this Court is sought" were "corrected, long before the Complaint was filed"). There are two problems with Defendant's argument: (1) the evidence submitted in the form of exhibits does not show that that there are no longer any ADA violations that need correcting; and (2) the jurisdictional argument asserted is intertwined with the merits of Plaintiff's ADA claim, making dismissal under Rule 12(b)(1) inappropriate at this stage.

First, the Court notes a problem with the evidence submitted that will carry over into the Motion for Summary Judgment, discussed below. Namely, the exhibits presented to the Court to establish the non-existence of any ADA violations are wholly insufficient. For example, Exhibits A and F are letters sent to Plaintiff by Defendant's lawyer stating that the ADA defects identified by Plaintiff no longer exist at the Building or are being fixed. *See Mots.*, Ex. A (letter

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#13
June 20 hrg vacated

CIVIL MINUTES - GENERAL

| Case No. | CV 10-7072 PSG (FFMx) | Date | June 17, 2011 |
|---|---|---|---|
| Title | Judy Griffin v. West Bay Properties, Inc. | | |

sent by Defendant's counsel saying "we visited a number of floors of the building, parking garage and common areas; here's what was determined"), *Mots.*, Ex. F (similar). Defendant provides no foundation for its lawyer's opinions regarding ADA compliance, and the first letter even admits that future modifications in certain areas will need to be made, not that the modifications have been made. *See Mots.*, Ex. A at 3 ("We took extensive measurements and *will be* modifying the door and pathway to the elevator area."). The other exhibits—B, C, D, and E—are pictures of the purportedly offending building. *See Peters Decl.* ¶¶ 4-7, Exs. B-D. There is no way, however, for the Court to determine the measurements of any aspect of the depicted bathrooms and parking lot features just by looking at the picture, and therefore the Court cannot judge whether the features shown are actually ADA compliant. Thus, the evidence provided does not show that the ADA allegations are not true and that there is therefore no basis for federal question jurisdiction in this Court.

More important to this Rule 12(b)(1) motion to dismiss, however, is the fact that Defendant's jurisdictional argument is no more than an attempt to defeat Plaintiff's ADA claim on the merits. When the merits of an action are entangled with the question of jurisdiction, the United States Supreme Court has clearly stated that dismissal is only warranted in "exceptional" cases "where the alleged claim under the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682-83, 66 S. Ct. 773, 90 L. Ed. 939 (1946). Similarly, the Ninth Circuit has explained that "a jurisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action," and that "[t]he question of jurisdiction and the merits of an action are intertwined where a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039-40 (9th Cir. 2004) (citations and quotations omitted).

The basis for jurisdiction in this case is the Americans with Disabilities Act. *See FAC* ¶ 6. And because Defendant's subject-matter-jurisdiction argument rests entirely on the merits of Plaintiff's ADA claim, the two are necessarily "intertwined." Thus, in order to grant Defendant's Rule 12(b)(1) Motion to Dismiss, the Court would have to find that Plaintiff's ADA claim is clearly "immaterial" or "wholly insubstantial and frivolous." *See Bell*, 327 U.S. at 682-83; *Safe Air for Everyone*, 373 F.3d at 1039. This the Court cannot do based on the pleadings,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**O**

**#13**
**June 20 hrg vacated**

CIVIL MINUTES - GENERAL

| Case No. | CV 10-7072 PSG (FFMx) | Date | June 17, 2011 |
|---|---|---|---|
| Title | Judy Griffin v. West Bay Properties, Inc. | | |

motions and exhibits before it. For example, Plaintiff provides a report from an architecture firm that inspected the Building and concluded that "[p]hysical [o]bstacles that limit accessibility" can be found in the parking area and bathrooms. *See Geffen Decl.*, Ex. A. This is not an "exceptional case" where a jurisdictional dismissal is warranted because the federal question is clearly immaterial or frivolous. *See Safe Air for Everyone*, 373 F.3d at 1039. Thus, the Court DENIES Defendant's Rule 12(b)(1) Motion to Dismiss.

    B.    <u>Motion for Summary Judgment</u>

The only real argument in Defendant's Motion for Summary Judgment is that the evidence shows that "Plaintiff's counsel was informed, long before this case was filed, that the [ADA violations] upon which this Court's jurisdiction is based either (1) did not exist, or (2) would be immediately resolved," and therefore Plaintiff lacks standing as there is no live case or controversy. *MSJ* 8:2-4, 8:10-12. Defendant again relies on Exhibits A-F, and for the reasons already mentioned, these exhibits are not worthy of as much weight as Defendant would give them. Thus, Defendant has not met its initial burden to "produce evidence negating an essential element of the nonmoving party's claim or defense," *see Nissan Fire & Marine Ins. Co.*, 210 F.3d at 1102, and the Court DENIES Defendant's Motion for Summary Judgment.

IV.    <u>Conclusion</u>

Based on the foregoing, Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and Defendant's Motion for Summary Judgment is DENIED. The Court encourages the parties to meet and confer to determine whether or not the alleged ADA defects at the Building have in fact been corrected.

    **IT IS SO ORDERED.**