David G. Geffen, Esq. (SBN 129342)
DAVID GEFFEN LAW FIRM
530 Wilshire Boulevard, Suite 205
Santa Monica, CA 90401
Telephone: (310) 434-1111
Facsimile: (310) 434-1115
email: geffenlaw @aol.com

Attorney for Plaintiff JUDY GRIFFIN

Michael J. Holmes, Esq. (SBN 199311)
ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS, LLP.
501 W Broadway 15FL
San Diego, CA 92101-3541
Telephone: (619) 233-1155
Facsimile: (619) 233-1158
Email: mholmes@allenmatkins.com

Attorney for Defendant WEST BAY PROPERTIES, INC., aka LARCHMONT MEDICAL BUILDING

E-FILED 10/31/11
NOTE CHANGES BY THE COURT.
JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY GRIFFIN,<br><br>Plaintiff,<br><br>v.<br><br>WEST BAY PROPERTIES, INC., a California corporation, aka LARCHMONT MEDICAL BUILDING, and DOES 1 through 10 inclusive<br><br>Defendants. | PSG (FFMx)<br>CASE NO. CV10-7072 J~~FW (RCx)~~<br><br>CONSENT DECREE AND [~~PROPOSED~~] ORDER<br><br>Judge: Hon. John F. Walter |

1

**CONSENT DECREE AND ORDER**

TO THE COURT, ALL INTERESTED PARTIES AND ATTORNEYS OF RECORD:

1. Plaintiff JUDY GRIFFIN filed this action (known as Case No. CV10-7072-JFW (RCx), and referred to herein as the "Action") against Defendant WEST BAY PROPERTIES INC., aka LARCHMONT MEDICAL BUILDING ("Defendant"), in United States District Court, Central District of California, seeking money damages and injunctive relief for, inter alia, violations of the Americans with Disabilities Act of 1990 (the "ADA") and corresponding state law claims as well as common law claims, concerning the medical building located at 321 North Larchmont, Los Angeles, California ("Building").

2. Defendant and Plaintiff (collectively sometimes referred to herein as the "Parties" or separately as a "Party") wish to settle all aspects of the Action and hereby desire to enter into this Consent Decree. The Parties hereby enter into this Consent Decree for the purpose of resolving all aspects of the Action including but not limited to: (a) injunctive relief (b) damages, and (c) attorneys' fees and costs.

**JURISDICTION:**

5. The Parties agree that the Court has jurisdiction of this matter for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12182(a) et seq., and pursuant to supplemental jurisdiction under 28 U.S.C. §1367(a) for alleged violations of California Civil Code §§ 52, 54, 54.1 and § 51.

6. In order to avoid the costs, expenses, and uncertainty of protracted litigation, the Parties agree to entry of the proposed Order related to and made as part of this Consent Decree, to resolve all claims regarding this Action. Accordingly, the Parties agree to the entry of the proposed Order without trial or further adjudication of the issues addressed herein.

**DISMISSAL OF ACTION REQUESTED:**

7. As noted herein and in the Settlement Agreement and Release dated October 3, 2011 ("Settlement Agreement"), which is attached as Exhibit "1" hereto and incorporated

2

**CONSENT DECREE AND ORDER**

herein in full by this reference, no issues between the Parties remain in dispute, and accordingly the Parties request that this Honorable Court dismiss this Action with prejudice.

**WHEREFORE**, the Parties hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF ALL CLAIMS:**

8. This Consent Decree, its related proposed Order and the Settlement Agreement shall be a full, complete, and final disposition and settlement of Plaintiff's Action against Defendant as set forth herein and in the Settlement Agreement.

9. Defendant agrees that the corrective work specified in Paragraph 2 and Exhibits "A" and "B" of the Settlement Agreement have been or will be performed as set forth in Paragraph 2 of the Settlement Agreement.

10. If Plaintiff contends that any or some portion of the corrective work to be completed by Defendant pursuant to Paragraph 2 and Exhibits "A" and "B" of the Settlement Agreement and this Consent Decree has not been performed correctly and/or timely within the time period provided by the Settlement Agreement, Plaintiff may request that the Court enforce the Settlement Agreement and Consent Decree and Order after attempting to meet and confer with Defendant in good faith and allowing Defendant a reasonable time to correct or complete the work.

**PAYMENT BY DEFENDANT:**

11. In exchange for the release and other consideration set forth in the Settlement Agreement, Defendant has agreed to pay Plaintiff a total of $21,500.00, as set forth in Paragraph 1 of the Settlement Agreement.

**ENTIRE AGREEMENT, CONSENT DECREE AND ORDER:**

12. This Consent Decree and Order and the Settlement Agreement constitute the entire agreement between the signing Parties on all matters, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties, that is not contained in this written Consent Decree and Order and/or the written

Settlement Agreement, shall be enforceable regarding the matters specifically described herein.

**CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

13. This Consent Decree and Order shall be binding on Plaintiff and Defendant and any of the Parties' successors in interest, heirs and assigns, or any them, and each of their respective successors in interest, heirs and assigns or any of them. The Parties have a duty to so notify all such successors in interest of the existence and terms of the Settlement Agreement, this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order and each party hereby represents and warrants that they shall inform each of their successors and assigns, including any person or entity acquiring an interest in the Building of the terms of this Consent Decree and the fact that it shall be binding upon said successors and assigns.

**TERM OF THE CONSENT DECREE AND ORDER:**

14. This Consent Decree and Order shall be in full force and effect, and the Court shall retain jurisdiction of this Action to enforce the provisions of the Settlement Agreement, Consent Decree and Order, for a period of twelve (12) months after the date of entry of this Consent Decree and Order.

**SEVERABILITY:**

15. If any term of this Consent Decree and Order is determined by any court to be unenforceable, all other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

16. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile or e-mail signature shall have the same force and effect as an original signature.

1 | Dated: October 11, 2011

By: _/s/ Judy Griffin/_
JUDY GRIFFIN, Plaintiff

5 | Dated: October __, 2011

WEST BAY PROPERTIES, INC., aka
LARCHMONT MEDICAL BUILDING

By: _[signature]_
Name/Signature, Defendant
Title: SR. VICE PRESIDENT

APPROVED AS TO FORM:

Dated: October 19, 2011

DAVID GEFFEN LAW FIRM

By: _[signature]_
David G. Geffen
Counsel for Plaintiff
Judy Griffin

Dated: October 20, 2011

ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS, LLP

By: _[signature]_
MICHAEL J. HOLMES
Counsel for Defendant
WEST BAY PROPERTIES, INC., aka
LARCHMONT MEDICAL BUILDING

IT IS SO ORDERED.

Dated: October __, 2011

**PHILIP S. GUTIERREZ**
Honorable ~~John F. Walter~~
United States District Court Judge

5

**CONSENT DECREE AND ORDER**